**CRIST, Plaintiff-Appellee, v. CLORE, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5257.   Decided February 21, 1956.

Wiles & Doucher, Columbus, for plaintiff-appellee.

Ballard, Dresbach, Crabbe & Newlon, Columbus, for defendant-appellant.

(NICHOLS and GRIFFITH, JJ, of the Seventh District, FESS, J, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By NICHOLS, J.

This action was instituted in the Municipal Court of the City of Columbus, Ohio, by Rodney D. Crist, plaintiff, against William Clore,

defendant, being one for damages growing out of an automobile collision, and was submitted to the court, without the intervention of a jury, upon the amended petition of plaintiff, the answer and cross-petition of the defendant and the reply of plaintiff.

The trial court found in favor of the plaintiff and rendered judgment against defendant in the sum of $497.94, from which judgment the defendant has duly appealed to this court on questions of law, assigning the following errors:

1. The Court erred in failing to apply the law as set forth in §6307-40 GC, to the facts presented in this case.

2. The Court erred in applying the law as set forth in the case of Connors v. Dobbs, 77 Oh Ap 247, to the facts presented in this case.

3. The Court erred in failing to find that the defendant-appellant had the right of way at the intersection of two unmarked streets when he was approaching from plaintiff's right.

4. The Court erred in returning a verdict in this cause for the plaintiff-appellee which was not supported by the evidence.

5. Other errors of law committed by the Court below, which are manifest upon the face of the record and objected to by this defendant-appellant at the time of trial.

The trial judge made separate Findings of Fact and Conclusions of Law, and on appeal this Court extracts the following pertinent facts:

That on December 16, 1951, at the time of the collision, plaintiff was operating his motor vehicle in a northerly direction on Tremont Road in the City of Upper Arlington, Ohio, in the lane of traffic to the right of the center thereof, and defendant was operating his motor vehicle in a westerly direction on Northam Road, in the lane of traffic to the right of the center thereof; that these vehicles collided in the northeast quadrant of the intersection formed by Tremont Road and Northam Road; that there was no excessive speed on the part of either defendant or plaintiff; that prior to the date of the accident the City of Upper Arlington had adopted an ordinance designating Tremont Road a through street and had caused stop signs to be erected on Northam Road at said intersection after the date of such ordinance; that a traffic control was present at this intersection subsequent to the effective date of the ordinance but was removed by the municipal authorities prior to the date of the accident; that at the time of the accident there was no traffic control whatsoever at the intersection; that there was construction on Tremont Road northward from the intersection and prior to the accident barricades were present on Tremont Road at the edge of Northam Road but there were no such barricades at the time of the collision; that defendant had no knowledge that a traffic control light or stop signs had ever been erected and used at said intersection.

From the recited facts it is apparent that the sole factor determinative of the right of the plaintiff to recover in this action depended upon whether Tremont Road retained its character as a preferential highway after the City of Upper Arlington removed the stop signs from Northam Road before the collision, it being conceded that the city had by duly enacted ordinance previously declared Tremont Road a through street

and had thereafter complied with the legislative proviso necessary to make the ordinance effective but had subsequently removed the stop signs from Northam Road while construction was in progress on Tremont Road.

There is no authority extant which holds that the ordinance alone is sufficient to effectively create a street of a municipality as a through thorofare. As stated by the Court of Appeals in **Bartlett v. McDonald, 59 Oh Ap 85,** 17 N. E. 2d, 284, the city was required to do two things before Tremont Road became a main highway, first, enact the ordinance designating that street a through highway, and second, erect legible stop signs along Northam Road, the intersecting street.

The further question then is, after having performed the two requisite things, can the city itself remove the stop signs on the intersecting highway without thereby destroying the effectiveness of its ordinance? We hold that after it removed the stop signs on the intersecting street the city destroyed the character of Tremont Road as a main preferential highway. To hold otherwise would be to exhibit the folly of the proviso contained in §6307-63 GC now §4511.65 R. C.

We do not find in this case a situation where the required stop signs have become illegible or obscured in any manner whatsoever, for which the city might not be responsible, although a serious question (not necessary for decision here) might arise as to whether the city, in the exercise of its control over its streets for the safety of the traveling public, has the duty to see that such stop signs are maintained in the legible condition required by the statute.

If we were to hold that the city by the adoption of the ordinance and the placing of legible stop signs on the intersecting street, could the day thereafter remove the stop signs, we would effectively destroy the purpose of the proviso contained in §6307-63 GC, now §4511.65 R. C. We hold the removal of the stop signs by the city removed the character of the street as defined in the ordinance.

As to the intent of the city in removing the stop signs from Northam Road there can be no doubt. It was Tremont Road that was being repaired or reconstructed, not Northam Road, and had the city intended that Tremont Road was to retain its character as a through street during such repair or reconstruction there would be no reason for the city removing the stop signs from Northam Road.

The act of the council in adopting the ordinance was a legislative act while the erection of the signs on the intersecting street was an administrative function, without which the legislation would be a nullity. The removal of the stop signs from the intersecting street left the ordinance in the exact situation thereafter as though no signs had ever been erected.

We find that the trial court was in error in holding that Tremont Road retained its character as a through street after the city had removed the stop signs from Northam Road, although the trial judge mistakenly followed the decision in **Connors v. Dobbs, 77 Oh Ap 247,** which we find clearly distinguished from this case in the fact situations presented.

We again refer to the decision of the Court of Appeals for the 7th Appellate District in the case of Bartlett v. McDonald, supra, and approve the reasoning set forth in the opinion by Nichols, J., in that case, who is the author of this opinion. Griffith, J., now sitting in this case, is likewise a judge of the 7th District Court of Appeals, sitting with Judges Fess and Nichols in Franklin County. In addition to the authorities cited in Bartlett v. McDonald, supra, we refer to the decision of the Franklin County Court of Appeals in **Brown v. Franz, 84 Oh Ap 160.**

The judgment of the Municipal Court is reversed because contrary to law and the cause is remanded for a new trial upon the petition of plaintiff, the cross-petition of defendant, the reply thereto, the evidence and the law applying to collisions at intersecting streets where neither has been designated a through street, the applicable law not having been applied by the trial court.

GRIFFITH and FESS, JJ, concur.